UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ST. LOUIS CARDINALS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:07-CV-473 (CEJ) |
| | ) | |
| DOUGLAS J. LEWIS d/b/a | ) | |
| STL Products, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion for summary judgment.  Plaintiff has filed an opposition and the issues are fully briefed.

Plaintiff, the owner of the St. Louis Cardinals Major League Baseball club, alleges that defendant Douglas Lewis, doing business as STL Products, sells merchandise with images that infringe plaintiff's famous marks, including "GO CARDS" and "I ♥ ST. LOUIS CARDINALS."  According to the complaint, defendant has also obtained state registration for several marks that plaintiff claims are confusingly similar to its CARDINALS marks.  Plaintiff asserts claims of trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1) (Count I), false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a) (Count II), unfair competition under the common law of Missouri (Count III), and violation of the Missouri Merchandising Practices Act, Mo.Rev.Stat. §§ 407.010 *et seq*. (Count IV).  Plaintiff also seeks cancellation

of defendant's state registrations for the allegedly confusing marks (Counts V and VI).  Defendant moves for summary judgment.

**Discussion**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts.  AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).  Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e).  Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear

-2-

the burden of proof at trial." <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 322 (1986).

Defendant puts forward three arguments in support of his contention that he is entitled to summary judgment: (1) plaintiff violated the Sherman Antitrust Act by filing suit on its marks; (2) the United States Patent and Trademark Office has approved his marks; and (3) plaintiff violated the Court's scheduling order when it filed its motion to compel.  The Court has reviewed defendant's arguments and concludes that they fail to establish defendant's entitlement to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #31] is **denied**.


_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE


Dated this 26th day of November, 2007.


- 3 -